Opinion issued February 18, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00757-CV

———————————

Elbar Investments, Inc., Appellant

V.

Cheryle R. Johnston, Appellee



 



 

On Appeal from the 309th District Court

Harris County, Texas



Trial Court Case No. 2005-63163

 



 

MEMORANDUM OPINION

          The
sole issue brought this appeal is whether the trial court can order a party to
pay $500 in attorney’s fees because the party filed a lis pendens.  See generally Tex. Prop. Code Ann. § 12.007(a)–(c) (Vernon 2009).  We affirm.

          The
underlying proceeding is a divorce in which the parties, Timothy O’Bier and
Eileen O’Bier, requested the trial court to appoint a receiver for their real
property.  During the receivership, the
bank foreclosed on the O’Biers’ home and adjacent property, and appellee Elbar
Investments, Inc. purchased the property. 
The receiver, Cheryle R. Johnston, filed a motion for partial summary
judgment to set aside the foreclosure sale. 
The trial court granted the motion and on March 7, 2008 rendered
partial summary judgment setting aside the foreclosure sale.  The partial summary judgment provided that
Elbar “shall not hinder the Receiver’s attempt to sell the [property].”  On March 12, 2008, Elbar filed a lis pendens,
indicating it claimed an interest in the property.  On March 27, 2008, Elbar filed a notice of
appeal.  The appeal was later dismissed
before briefs were filed.  See Elbar
Invs., Inc. v. O’Bier, No. 01-08-00232-CV (Tex. App.—Houston [1st Dist.]
June 26, 2008, no pet.) (mem. op.).

          On
March 18, 2008, Johnston filed a motion to compel release of the lis pendens
and for sanctions against Elbar for filing the lis pendens.  The motion claimed that Elbar had refused to
comply with the trial court’s partial summary judgment.  The clerk’s record does not contain any
response from Elbar to the motion for sanctions.  On March 25, 2008, the trial court partially granted
the relief requested in Johnston’s motion:

IT IS THEREFORE ORDERED that ElBar Investments, Inc. shall immediately
sign the Release for the 12 acre real property which is the subject of the Receivership.

IT IS FURTHER ORDERED that ElBar Investments, Inc.’s Notice of Lis
Pendens, filed on March 12, 2008, is VOID and of no effect, and that ElBar
Investments, Inc. shall not interfere with the efforts of the Receiver to sell
the real property.

IT IS FURTHER ORDERED that Receiver’s attorney’s fees in the amount of
$500 shall be assessed against ElBar Investments, Inc. as costs of Court.

The trial court changed the caption
of Johnston’s proposed order from “ORDER COMPELLING RELEASE AND FOR SANCTIONS”
to “ORDER COMPELLING RELEASE AND FOR ATTY FEES.”  The trial court also deleted the words “and
sanctions in the amount of” in the sentence “IT IS FURTHER ORDERED that
Receiver’s attorney’s fees in the amount of $_____ and sanctions in the amount
of $_____ shall be assessed against ElBar Investments, Inc. as costs of Court.”

There is no reporter’s record from
the hearing.  A final divorce decree was
eventually signed on May 29, 2009.

          In
its sole issue on appeal, Elbar contends the trial court abused its discretion
in granting sanctions because Elbar had a privilege to file its lis
pendens.  See Bayou Terrace
Inv. Corp. v. Lyles, 881 S.W.2d 810, 818 (Tex. App.—Houston [1st Dist.]
1994, no writ) (“lis pendens is a part of the judicial process and the
resulting absolute privilege bars a suit for damages arising from the filing of
the lis pendens”) (citing Prappas v. Meyerland Community Improvement Ass’n,
795 S.W.2d 794, 796–97 (Tex. App.—Houston [14th Dist.] 1990, writ denied)).

          Johnston
argues on appeal that the trial court did not sanction Elbar for filing the lis
pendens, but instead merely awarded attorney’s fees as costs of court.  Johnston also points out that Elbar has
failed to show that it preserved error in the trial court.  Elbar has not responded to the argument that
it failed to preserve error.

          We
hold that Elbar has not presented an appellate record that demonstrates that it
objected to the trial court’s March 25, 2008 order awarding attorney’s
fees.  Elbar therefore has not preserved
its sole issue on appeal as required by Texas Rule of Appellate Procedure
33.1(a).  Without reaching the issues of
whether the $500 award of attorney’s fees was a sanction and whether that was
error, we overrule Elbar’s sole issue.

          We affirm the trial court’s order. 

 

 

                                                          Michael
Massengale

                                                          Justice

 

Panel consists
of Justices Keyes, Sharp, and Massengale.